* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and oral arguments before the Full Commission. The appealing parties have not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour, with modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Harbor Specialty Insurance Company is the carrier on the risk, with Interstate Insurance Service Group as the servicing agent.
3. An employee-employer relationship existed between the parties at all relevant times.
4. The North Carolina Court of Appeals filed an Opinion on June 7, 2005.
5. The North Carolina Court of Appeals affirmed the Full Commission's award of workers' compensation benefits to plaintiff.
6. The North Carolina Supreme Court denied defendants' Petition for Discretionary Review on August 18, 2005, and said Order was witnessed and sealed by the Clerk of the Supreme Court on August 22, 2005.
7. Based on the North Carolina Court of Appeals' opinion, the Full Commission's Opinion and Award filed on April 13, 2004, is currently in full force and effect.
8. The Full Commission's Opinion and Award states: "Plaintiff has been disabled since May 24, 2001 as a result of her compensable injury by accident. As a result of her compensable injury by accident, plaintiff is entitled to temporary total disability compensation at a rate of $433.36 from May 24, 2001 and continuing until further order from the Commission."
9. On August 31, 2005, plaintiff's counsel sent a letter providing defendants information regarding the total amount of money currently owed. The letter provided that as of September 1, 2005, defendants owed a total of $111,539.78. Defendants do not contest this calculation.
10. As of September 15, 2005, plaintiff had only received $22,534.72.
11. The defendant-carrier issued checks that included the remaining amount owed in the amount of $89,005.06 on September 22, 2005.
12. The issues for determination are:
 (a) Whether defendants should pay a 10% penalty on all amounts deemed late by the Commission.
 (b) Whether defendants should pay plaintiff's counsel an attorney fee and costs in an amount to be determined by the Commission.
13. The following exhibits were admitted into evidence:
 (a) Stipulated Exhibit 1: Court of Appeals Decision filed June 7, 2005.
 (b) Stipulated Exhibit 2: N.C. Supreme Court Order denying discretionary review.
 (c) Stipulated Exhibit 3: Defendant-carrier payment history.
 * * * * * * * * * * *
Based upon the evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Judicial notice is taken of the calendar for year 2005.
2. September 1, 2005, was the tenth (10th) day after the N.C. Supreme Court denied defendants' Petition for Discretionary Review and such denial was witnessed and sealed on August 22, 2005.
3. September 15, 2005 was the fourteenth (14th) day following September 1, 2005.
4. Defendants' payment of $89,005.06 was issued on September 22, 2005, the thirty-first (31st) day following August 22, 2005.
5. Defendants presented no evidence to establish that the payment of $89,005.06 was not timely made due to conditions over which defendants had no control. In a conference call prior to the hearing before the Deputy Commissioner, defendants requested that the adjuster in this case be released from attending the hearing because the adjuster had no relevant testimony to offer. Defendants' request was granted.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Defendants argue that after the Supreme Court denied discretionary review of this matter, defendants had fifteen (15) days to file a "Petition for Rehearing" under of Rule 31 of the N.C. Rules of Appellate Procedure. Defendants further argue that the fifteen (15) day period for filing a "Petition for Rehearing" should be considered as a "time for appeal" for purposes of N.C. Gen. Stat. § 97-18(e) which provides that compensation is not due until "10 days from the day following expiration of the time for appeal." Based upon these arguments, defendants assert that they were entitled to an additional fifteen (15) days to pay plaintiff's compensation following the Supreme Court's denial of discretionary review. Defendants cite no case law in support of their position, and plaintiff cites no case law in opposition.
2. Black's Law Dictionary (6th Edition) defines "appeal" as:
 Resort to a superior (i.e., appellate) court to review the decision of an inferior (i.e., trial) court or administrative agency. A complaint to a higher tribunal of an error or injustice committed by a lower tribunal, in which the error or injustice is sought to be corrected or reversed.
Based on the definition of "appeal," the Full Commission concludes that term "appeal" as used in N.C. Gen. Stat. §97-18(e) is limited to review by a higher authority of a decision of a lower authority. It follows that defendants' Petition for Discretionary Review to the North Carolina Supreme Court in the present case constituted an "appeal" under N.C. Gen. Stat. § 97-18(e), as it sought review by a higher authority of a lower authority's decision. Conversely, a "Petition for Rehearing" is not an "appeal" under N.C. Gen. Stat. § 97-18(e), as such a petition is merely a request for reconsideration by an authority of its own prior decision.
3. The Full Commission need not address whether, had defendantsactually filed a Petition for Rehearing in response to the denial of their Petition for Discretionary Review, any "time for appeal" under N.C. Gen. Stat. § 97-18(e) would have been tolled until the issuance of a decision on the Petition for Rehearing, in a manner akin to the provisions under Rule 15(b) of the N.C. Rules of Appellate Procedure. However, the Full Commission notes that any potential abuse of such tolling without reasonable legal grounds would naturally be subject to an award of legal sanctions.
4. Pursuant to N.C. Gen. Stat. § 97-18(e), plaintiff's compensation became due on September 1, 2005, ten (10) days after the N.C. Supreme Court denied defendants' Petition for Discretionary Review and such denial was witnessed and sealed. Pursuant to N.C. Gen. Stat. § 97-18(g), plaintiff is entitled to a ten percent (10%) penalty on any compensation owing but not paid by September 15, 2005, fourteen (14) days after it became due. Therefore, plaintiff is entitled to a penalty in the amount of ten percent (10%) of $89,005.06. This penalty may only be excused by the Commission upon a showing by defendants that the payment was not timely made due to conditions over which defendants had no control. N.C. Gen. Stat. § 97-18(g). In the present case, defendants have offered no such evidence.
5. Because the status of the law regarding the definition of an "appeal" under N.C. Gen. Stat. § 97-18(e) was not clear at the time of plaintiff's Motion to Show Cause, the Full Commission finds that defendants did not defend their failure to make timely payment without reasonable ground. Accordingly, sanctions pursuant to N.C. Gen. Stat. § 97-88.1 are inappropriate in this matter.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to an attorney fee as set forth herein, defendants shall pay to plaintiff a late payment penalty in the amount of $8,900.51.
2. Defendants shall pay a reasonable attorney fee of 25% of the aforementioned late payment penalty directly to plaintiff's counsel.
3. Defendants shall pay the costs due the Commission.
This __ day of June, 2006.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER